## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JEREMY J. HARVEY,**

      **Petitioner,**                 **CASE NO. 2:13-CV-363**
                                  **CRIM. NO. 2:12-CR-011(1)**
      **v.**                          **JUDGE PETER C. ECONOMUS**
                                  **Magistrate Judge Kemp**

**UNITED STATES OF AMERICA,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, Jeremy J. Harvey, filed this motion to vacate under 28 U.S.C. §2255 after he was sentenced to 70 months of imprisonment and ten years of supervised release on a charge of receipt of visual depictions of child pornography. Petitioner pleaded guilty to that charge.

Under Rule 4 of the Rules Governing Section 2255 proceedings in the United States District Courts, the Court is required to review the petition before ordering the United States to respond to determine if "it plainly appears from the motion ... that the moving party is not entitled to relief...." If it does so appear, the Court "must dismiss the motion ...." In his motion, petitioner claims (1) that the Court lacked jurisdiction over his crime because it was purely intrastate in nature; (2) that the statutory sections under which he was convicted, 18 U.S.C. §§2252(a)(2) and (b)(1), are unconstitutional; (3) that his sentence was excessive and unreasonable; and (4) his post-release conditions are excessive and raise double jeopardy concerns. For the following reasons, the Court recommends that the

motion to vacate be **DENIED** because it is plain that petitioner is not entitled to relief.

## I. PROCEDURAL HISTORY

On October 31, 2011, the United States filed a criminal complaint charging petitioner with receipt of child pornography, a violation of 18 U.S.C. §2252(a)(2).  The affidavit attached to the complaint stated that a task force officer, posing as the foster father of juvenile girls, responded to an ad that petitioner had placed on Craigslist.com seeking others to view pornography with him.  Email exchanges ultimately led to an agreement that petitioner would meet the officer and bring with him a flashdrive containing child pornography.  The meeting took place as arranged and petitioner was arrested with the flashdrive in hand.  It did, indeed, contain images of child pornography, and that led to the charge in the complaint.

After his arrest, petitioner was detained pending trial, but he did not ultimately proceed to trial.  Rather, he signed a plea agreement on December 30, 2011.  In exchange for his plea of guilty to a one-count information charging him violating 18 U.S.C. §§2252(a)(2) and (b)(1) by receiving visual depictions of minors engaged in sexually explicit conduct "using a means or facility of interstate or foreign commerce," the United States agreed not to press other charges against him and agreed that he had accepted responsibility for the offense.  At a plea hearing held on February 1, 2012, petitioner entered a guilty plea to the information.  He was sentenced on May 16, 2012 to the low end of the guideline range, which was 70 to 87 months.  His counsel's argument for a lesser sentence (the five-year mandatory minimum) was not accepted by the Court.  Petitioner

did not appeal.  He has timely filed this §2255 proceeding.

## II.  THE MOTION TO VACATE

As noted, petitioner raises four claim in his motion to vacate, two relating to the constitutionality of the statutes involved in this case, and two relating to his sentence. None of them were raised on appeal because he did not take an appeal from the Court's order of judgment and conviction.  In response to a question on the form §2255 motion asking why these issues were not raised on appeal, petitioner states that "[n]o reason is needed for jurisdiction or constitutionality.  It is unknown why counsel did not raise these. Perhaps he was unaware of them.  They should have though."  *See* Motion to Vacate, Doc. 31, ¶13.  The primary problem with petitioner's claims (although by no means the only one) is that by virtue of his guilty plea and his failure to appeal, he has waived most issues for purposes of collateral attack by way of a motion filed under 28 U.S.C. §2255.  The Court explains why in the following section.

## III.  ANALYSIS

Ordinarily, any claim relating to the validity of either a guilty plea or sentence must be raised on direct appeal, or that claim is waived.

> Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' "  *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas."  *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

*Bousley v. United States,* 523 U.S. 614, 621 (1998).

Claims which have been defaulted because they were not raised on direct appeal can be considered on their merits when presented in a §2255 petition only if the defendant can show "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The primary exception to that rule is "that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255. " *Massaro v. United States*, 538 U.S. 500, 509 (2003). If a claim has been procedurally defaulted and the petitioner is unable to show "cause and prejudice," the petitioner may still obtain review of the claim if he can demonstrate that, due to constitutional error, the trial court proceedings "'probably resulted in the conviction of one who is actually innocent.'" *See Bousley v. United States, supra,* at 623, *quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make that showing, the petitioner must demonstrate that "'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley, supra*, *quoting Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

The failure to appeal is not the only waiver of claims which occurs when a defendant pleads guilty. The guilty plea itself constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test

4

the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Here, petitioner's third and fourth claims concerning his prison sentence and the terms of his supervised release were waived by his failure to raise them on appeal.  The Court of Appeals has held that "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."  *Grant v. United States*, 72 F.3d 503, 505 (6th Cir.  1996).   Thus, "there are three types of issues that a section 2255 motion can not raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313  (7th Cir. 1992), *overruled on other grounds Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  The claim that a sentence was unreasonable or excessive, but not unconstitutional, falls within these three categories.  *See Grant ,supra* ("mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver").

Petitioner also appears to argue that some portions of his sentence was unconstitutional, however, because they represent cruel and unusual punishment in violation of the Eighth Amendment.  He asserts that any prison sentence in excess of 18 months "is obviously grossly disproportionate to the crime charged."   *See* Motion to

Vacate, at 9.  He also asserts that the length and certain terms of his supervised release are "unreasonable under 18 U.S.C. §3553(a) and the 8th Amendment."  *Id*. at 10.

These claims, too, have been waived by the failure to appeal; they fall within the third category of claims described by the *Belford* court, *i.e.* constitutional claims which should have been, but were not, raised on appeal.  Other courts have held that the failure to appeal a sentence is a waiver even of an Eighth Amendment claim.  *See, e.g., Madsen v. United States*, 2012 WL 4882297, *5 (D. Utah Oct. 15, 2012)("Petitioner did not raise her disproportionality argument at sentencing and, as stated, she did not pursue direct appeal. As a result, she may not raise this claim in her § 2255 motion"); *United States v. Austin*, 2010 WL 1050184, *1 (N.D. Ill. March 12, 2010)(a claim that a defendant's "sentence was grossly disproportionate and a violation of the Eighth Amendment's prohibition against cruel and unusual punishment" was waived because "[c]ontentions that a defendant could have but failed to raise on direct appeal are considered procedurally defaulted ...").  This Court agrees.

As noted above, however, a claim that is otherwise procedurally defaulted can be considered on its merits if there is "cause" for the failure to raise it, and "prejudice" resulting from that failure.  *United States v. Frady, supra*.  Here, although petitioner does not directly argue that he received ineffective assistance of counsel, he does suggest that his attorney should have  raised these arguments in some fashion.  The only way the claims could have been preserved, however, is by direct appeal, and he does not argue that he asked counsel to appeal.  Nonetheless, the Court will consider whether there is any

6

possibility that these two sentencing claims are claims which should have been raised on appeal by counsel, or, stated the other way, whether counsel was constitutionally ineffective by failing to pursue the claims on appeal.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14  (1970). The standard for demonstrating a claim of ineffective assistance of counsel is composed of two parts:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S.  668, 687 (1984).. Scrutiny of defense counsel's performance must be "highly deferential." *Id*. at 689.

With respect to the first prong of the *Strickland* test, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* . To establish the second prong of the *Strickland* test, prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because Petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel,

7

should the court determine that Petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781–82 (1987). When the claimed deficiency in counsel's performance is failure to file an appeal, but there is no evidence that the defendant requested that an appeal be taken, counsel's performance is constitutionally suspect only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Given that petitioner does not claim that he indicated in any way a desire to appeal, he may establish ineffective assistance of counsel as cause to excuse his failure to raise grounds three and four on appeal only by showing that there was some reason to think, in this case, that there was some nonfrivolous issue which could have been raised on appeal.

Here, there is no reason to think that is the case. In order for a defendant to make out a claim under the Eighth Amendment, the Court of Appeals has explained that

> [t]he Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.... [T]he Supreme Court has interpreted the Eighth Amendment to contain a "narrow proportionality principle." *Harmelin v. Michigan*, 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *United States v. Layne*, 324 F.3d 464, 474 (6th Cir.2003). But that interpretation "does not require strict proportionality between crime and sentence." *Harmelin*, 501 U.S. at 1001, 111 S.Ct. 2680 (Kennedy, J., concurring) (citing *Solem v. Helm*, 463 U.S. 277, 288, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)); *see also Rummel v. Estelle*, 445 U.S. 263, 271, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (Eighth Amendment "prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime")....

8

*United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011).

To illustrate how narrow this proportionality principle is, the Court of Appeals stated, in *United States v. Williams* 15 F.3d 1356, 1364 (6th Cir. 1994), and has consistently reaffirmed, that "[g]enerally, a sentence within statutory limitations does not violate the Eighth Amendment." *See also United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003); *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Petitioner's 70-month sentence is certainly within the statutory range of five to twenty years, and at the low end of that range. Further, in an unpublished opinion, the Court of Appeals rejected a defendant's challenge to a ten-year sentence (which was the statutory minimum sentence in that case because the defendant had a prior similar conviction) imposed under a different child pornography statute, 18 U.S.C. §2252A, holding that "a ten-year sentence for this kind of crime is neither unusual nor disproportionate to the underlying offense." *United States v. McIntosh*, 414 Fed. Appx. 840, 841 (6th Cir. March 17, 2011). The *McIntosh* court noted that many other courts of appeals had upheld similar sentences under that statute, but it also cited to a case rejecting an Eighth Amendment challenge to §2252's 15-year mandatory minimum sentence for receipt of child pornography. *See id.* at 841-42, *citing United States v. Weis*, 487 F.3d 1148 (8th Cir. 2007).

There does not appear to be any law which would support an argument that a 70-month sentence for violating this statute is unconstitutional. The only case where a court has found an Eighth Amendment violation for a sentence imposed under §2252 appears

to be *United States v. C.R.*, 792 F.Supp. 2d 343 (E.D.N.Y. 2011), but that case is significantly different from this one because the defendant in that case was young and had a difficult family history and a long history of substance abuse.  Moreover, it is not reasonable to assume that even if *C.R.* had some persuasive value, the Court of Appeals for this Circuit would follow it.  The Court cannot find either that an attorney who failed to advise petitioner to appeal on these grounds, which lack any substantial support, was constitutionally ineffective, or that petitioner was prejudiced by the failure to appeal.  It simply cannot be said that, if such an appeal had been filed, petitioner would likely receive a different sentence.

Much the same is true with respect to the conditions of supervised release.  Courts have upheld even life terms of supervised release for sex offenders or persons who receive child pornography as valid under the Eighth Amendment.  *See, e.g., United States v. Underwood*, 2012 WL 6621462 (3d Cir. December 19, 2012); *United States v. Williams*, 636 F.3d 1229 (9th Cir. 2011); *United States v. Moriarity*, 429 F.3d 1012 (11th Cir. 2005).  The ten-year term of supervised release imposed in this case is well within the statutory range, which means it is generally immune from an Eighth Amendment attack.  Again, absent any indication that petitioner requested his counsel to appeal this aspect of his sentence, in order to find that counsel was ineffective, the Court would have to conclude that no reasonable attorney would have foregone an appeal - which, given the complete absence of any supporting case law, is a conclusion the Court cannot reach - and that the failure to appeal prejudiced petitioner.  The Court simply cannot make such findings, and

petitioner's procedural default of his Eighth Amendment claims cannot be excused by means of an assertion of ineffective assistance of counsel.

Petitioner's first and second claims attack the constitutionality of the statute under which he was convicted.  Briefly summarized, his argument is that the mere possession of child pornography is neither economic activity nor one which has any connection with interstate commerce, and that all of his conduct - as he puts it, "meeting with someone in his state to view their collection" and to meet "two 'fictitious' daughters, which he was apprehensive to meet," was "purely intrastate criminal behavior" which cannot be punished by the federal government. *See Motion to Vacate*, Doc. 31, at PAGEID #76.  He does not appear to claim that his counsel was ineffective for failing to raise these issues on appeal, and he asserts that there is no requirement to raise jurisdictional grounds at any earlier time in order to preserve the claim for purposes of a motion to vacate filed under §2255.

Petitioner is incorrect about the effect of his guilty plea on this type of claim.  In *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), the Court of Appeals, quoting its earlier decision in *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008), held that "[t]o assert a jurisdictional challenge successfully, 'a defendant who enters a guilty plea must establish that the face of the indictment failed to charge the elements of a federal offense.'" In that case, the Court of Appeals noted that in *United States v. Studabaker*, 578 F.3d 423 (6th Cir. 2009)(a §2252A child pornography case), it had "determined that, in spite of the defendant's attempt to characterize his claim as impacting our jurisdiction, the

11

interstate-commerce argument actually presented a non-jurisdictional issue." *Id*. at 385. The Court of Appeals also rejected the defendant's attempt to change his claim to one attacking the facial validity of the charges, observing that "[t]he felony information unambiguously lists all of the elements required for conviction" including the use of materials which traveled in interstate commerce. It also noted that the defendant admitted to such allegations at the plea hearing. *Id*.

Here, petitioner does not argue that the Information filed in this case lacks allegations concerning interstate commerce, nor could he; it states that he received visual depictions of child pornography "using a means or facility of interstate or foreign commerce, or that has been mailed, or had been shipped or transported in or affecting interstate or foreign commerce, or which contained materials which had been mailed or so shipped or transported by any means including by computer ...." *See* Doc. 11. Thus, in accordance with *United States v. Corp, supra*, this Court finds his "jurisdictional" challenge to the face of the indictment to have been waived.

Further, the record of this case supports a finding that petitioner's activities occurred through a means of interstate commerce, *i.e.* the internet. At his plea hearing, petitioner listened as a statement of facts about the crime was read into the record. Among other things, the Assistant United States Attorney, Michael Hunter, who read the statement, alleged that petitioner had approximately 80 images of child pornography either on his computer or on a flash drive. Mr. Hunter also stated that "Mr. Harvey does not contest that he received these images by downloading them using a facility of interstate commerce,

that is, the Internet." *See* Trancsript, Doc. 33, at 21. Petitioner acknowledged on the record that he agreed with these statements and said that what Mr. Hunter stated was correct. *Id.* Under these circumstances, no successful factual challenge to the jurisdictional element of this crime can be made, even if such a challenge had not been waived.

By virtue of petitioner's admitted use of the internet, the United States established, in this case, that the crime petitioner pleaded guilty to was within Congress' power to regulate. Just recently, the Court of Appeals affirmed Congress' broad authority under the Commerce Clause to regulate even the intrastate production of child pornography because "Congress has the power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce...." *United States v. Rose*, __ F.3d. __, 2013 WL 1664697, *7 (6th Cir. April 18, 2013). It had previously held that §2252 is constitutional on its face based on its reference to images which traveled in interstate or foreign commerce. *See, e.g., United States v. Halter*, 259 Fed. Appx. 738 (6th Cir. Jan 7, 2008), *citing United States v. Corp.*, *supra*. Thus, there is simply no merit to any of petitioner's jurisdictional claims in this case, or to his assertion that the receipt of child pornography through the internet is wholly intrastate activity which is beyond the reach of the federal government to regulate or criminalize.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that petitioner's motion to vacate, correct or set aside sentence (Doc. 31) be **DENIED**.

## V. PROCEDURE ON OBJECTIONS

13

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge

14