IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEREMY J. HARVEY,**

    **Plaintiff,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**Case No. 2:12-cr-11**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

On June 5, 2013, final judgment was entered dismissing the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  On July 3, 2013, Petitioner filed a Motion for Reconsideration seeking reconsideration of the final judgment of dismissal of this action. (Dkt. 38.)  For the reasons that follow, Petitioner's motion is **DENIED**.

As grounds for his Motion for Reconsideration, Petitioner asserts that the District Court affirmed the Magistrate Judge's Report and Recommendation "without explanation." (Dkt. 38.) Petitioner complains that the Order adopting the Magistrate Judge's Report and Recommendation failed to make factual findings, instead relying on the facts as set forth in the Magistrate Judge's Report and Recommendation.  Petitioner seeks an evidentiary hearing.  He complains that this Court summarily dismissed his claims and again asserts that the Court lacked jurisdiction because the charges failed to involve interstate commerce and charged no federal offense.  Petitioner complains that the Respondent failed to establish the constitutionality of the statutes and again argues that his convictions therefore are void.  He also asserts, as he did previously, that he was denied the effective assistance of appellate counsel, and that this constitutes cause for his procedural defaults.  Additionally, he claims his sentence violates federal law.

"Courts presented with motions for reconsideration in criminal cases typically evaluate

those motions under the same standards applicable to a civil motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." See *United States v. Holtzhauer*, No. 2:05-cr-170, 2006 WL 1582444, at * 1 (S.D. Ohio June 8, 2006).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

> A court may grant a motion to alter or amend a judgment as an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F.Supp.2d 1013, 1024 (N.D.Ohio 2005). A reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Following the established Rule 59(e) standard, a court grants a motion for reconsideration for one of four reasons: an intervening change in controlling law, evidence not previously available has become available, it is necessary to correct a clear error of law, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted). A motion to alter or amend a judgment is an extraordinary remedy that a court grants sparingly in the interests of repose and conservation of scarce judicial resources. *Holtzhauer*, 2006 WL 1582444, at *1 (citations omitted).

*United States v. Cornell*, No. 1:03-cr-431(2), 2008 WL 4449028, at *1 (N.D. Ohio Sept. 26, 2008). Petitioner has failed to meet this standard here. All of the arguments he makes he has previously raised, as was the case in his Objections to the Report and Recommendation.

As to Petitioner's complaint regarding the lack of factual findings in the final judgment of dismissal, "the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation." *Piner v. United States*, No. 90-50024, 2006 WL 2310734, at *1 (E.D. Mich. Aug. 8, 2006). The Court did this here.

Moreover, and contrary to Petitioner's allegation here, the record fails to reflect he is entitled to an evidentiary hearing on his claims, because the record conclusively shows he is

entitled to no relief, and there exist no factual disputes that require resolution in order to resolve Petitioner's claims.  28 U.S.C. § 2255(b).

Petitioner's Rule 59(e) motion (Dkt. 38) is therefore **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE